JOSEPH S. FERRY *v.* MURATA, DEFENDANT, HILO RICE MILL COMPANY, LIMITED, GARNISHEE.

No. 1426.

APPEAL FROM DISTRICT MAGISTRATE OF SOUTH HILO.

ARGUED NOVEMBER 14, 1922.          DECIDED JANUARY 4, 1923.

PETERS, C. J., PERRY AND LINDSAY, JJ.

EXECUTIONS—*property subject to—chose in action.*
Book accounts are not subject to seizure and sale under execution in an action at law.

OPINION OF THE COURT BY PERRY, J.

The plaintiff brought an action of assumpsit in the sum of $121.90 against the defendant, the theory of the declaration being that at a sale held by the sheriff under an execution issued in a judicial proceeding wherein The Bank of Bishop & Co. was the plaintiff and the Olaa Mutual Supply Co., Ltd., was the defendant the present plaintiff purchased certain books of account belonging to the execution defendant and also the accounts shown by said books to be due to the execution defendant from the present defendant. From the written decision filed by the magistrate it would appear, indirectly, that prior to judgment an attachment had been issued in the case of *Bishop & Co. v. the Olaa Mutual Supply Co., Ltd.* No copy, however, of the attachment or of the execution is made a part of the record on appeal nor is it made to appear from the record what acts the sheriff did by way of levying upon the books or the debts thereby evidenced. The return of the sheriff showing his acts under the execution and at the sale is not a part of the record.

Assuming, however, all that can otherwise be assumed

in favor of the present plaintiff, the appeal from the judgment rendered by the magistrate in favor of the defendant cannot be sustained, for the reasons hereinafter stated.

The claim of the Olaa Mutual Supply Co., Ltd., against Murata for the debt due by him for goods sold and delivered to him by the supply company was a chose in action. It is well settled that at common law choses in action were not subject to seizure and sale under execution and that this common law rule still prevails except where it has been changed by statute. 1 Freeman on Executions, 3d Ed. Sec. 112; 6 C. J. 325; 11 A. & E. Ency. L. 623; 6 Ency. U. S. Reports 89; *Van Ness* v. *Hyatt,* 13 Pet. 294, 300. This rule of the common law of England is law in Hawaii (R. L., Sec. 1) unless it falls within one of the exceptions enumerated in that section. We know of no reason for regarding it as within one of the exceptions.

There is no statute in Hawaii modifying the rule of the common law. The chapter on attachments (R. L., Ch. 156) contains a provision that "personal property, capable of manual delivery, shall be attached by taking the same into custody" and also provides a method for the levy of attachment upon stock in a corporation. It is silent as to any levy upon personal property not capable of manual delivery, such as the chose in action now under consideration. Chapter 139, which deals, among other things, with executions generally, does indeed say in a form of execution contained in section 2447 that the sheriff is commanded to levy upon "personal property" of the defendant but other provisions in the chapter indicate that not all kinds of personal property may be levied upon by execution. Section 2456 provides that "every levy by an officer, in pursuance of a writ of execution issued by any court or judge, shall be made by taking the property levied upon into his possession, care and guardianship, and, in his option, by removal of the same to some place of security." This lan-

guage is not applicable to such a chose in action as that now pursued by the plaintiff.

The appeal, which raises the points of law above considered and none other, cannot be sustained.

Plaintiff in person.

*Fred Patterson* for defendant.